NATIONAL RAILROAD PASSENGER CORPORATION ("Amtrak"),
Plaintiff,

v.

10,178 SQUARE FEET OF LAND MORE OR LESS, SITUATED IN the COUNTY OF NEW YORK, STATE OF NEW YORK; Morton L. Weitzner, Dorothea M. Weitzner and Isidor S. Weitzner, as Trustees of the Estate of Henry M. Weitzner; Demjo Diner, Inc. and unknown others, Defendants.

No. 89 Civ. 2173 (RPP).

United States District Court,
S.D. New York.

Oct. 11, 1990.

Stroock & Stroock & Lavan by James G. Greilsheimer, New York City, Law Dept., Nat. R.R. Passenger Corp. by Dennis M. Moore, Asst. Gen. Counsel, Washington, D.C., for plaintiff.

Peter H. Brandt, and Hubert J. Brandt by Hubert J. Brandt, New York City, for defendants Weitzner.

Greco & Gottlieb by Michael Greco, New York City, for defendant Demjo Diner, Inc.

OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendants Morton L. Weitzner, Dorothea M. Weitzner and Isidor S. Weitzner, and Morton L. Weitzner, Dorothea M. Weitzner and Isidor S. Weitzner as Trustees of

the Estate of Henry M. Weitzner (collectively "the Weitzners"), move to withdraw funds and to recover interest withheld by the Court pursuant to Local Rule 8(c).

The plaintiff, National Railroad Passenger Corporation ("Amtrak"), at the time it filed its Complaint in Condemnation, Declaration of Taking and Notice of Condemnation on March 31, 1989, deposited $2,400,-000 into this Court as "just compensation" required by 45 U.S.C. § 545(d)(3). 45 U.S.C. § 545(d)(3) (1987). The monies were invested by the Clerk of the Court, pursuant to this Court's order of April 6, 1989, with Manufacturers Hanover Trust Company in a certificate of deposit which matured on October 10, 1989, and was reinvested on that date. On October 10, 1989 a Court fee of $25,394.16, the full amount of interest for 45 days of deposit, was withdrawn from said monies pursuant to Local Rule 8(c), which was approved by the Board of Judges on June 29, 1989 and made effective on July 31, 1989. It is the amount of this fee and the claimed retroactivity in its imposition that is challenged in this motion.

Plaintiff joins defendants in this motion. In the absence of opposing papers, the Court requested the Office of General Counsel of the Administrative Office of United States Courts (General Counsel) to express its views of this matter. Those views were expressed in letters to the Court with copies to counsel for the parties, dated April 16, 1990 and June 8, 1990.

Local Rule 8(c) reads as follows:

(c) Order for Deposit—Interest Bearing Account

(1) Whenever a party seeks a court order for money to be deposited by the Clerk in an interest-bearing account, the party shall personally deliver the order to the Clerk or Financial Deputy who will inspect the proposed order for proper form and content and compliance with this rule prior to signature by the judge for whom the order is prepared.

(2) Proposed orders directing the Clerk to invest such funds in an interest-bearing account or other instrument shall include the following:

(i) the exact United States dollar amount of the principal sum to be invested;

(ii) the name of the depository approved by the Treasurer of the United States as a depository in which funds may be deposited;

(iii) A designation of the type and tenor of account or instrument in which the funds shall be invested;

(iv) wording which directs the Clerk to deduct from the income earned on the investment of a fee, not exceeding that authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office at equal to the first 45 days income earned on the investment, whenever such income becomes available for deduction in the investment so held and without further order of the court.

Plaintiff points out that the terms of subsection (c) require the Clerk to approve the form of a party's proposed court order for money to be deposited by the Clerk *prior to* signature by the Judge for whom the order is prepared. Thus it argues Local Rule 8 was to apply prospectively only and not to deposits such as this which were established prior to the effective date of the rule. Furthermore, plaintiff points out that there is no indication in the text of Local Rule 8(c) that it was intended to apply retroactively and, therefore, the Rule may not be so applied. *Farmington River Power v. Federal Power Comm'n*, 455 F.2d 86, 90 (2d Cir.1972); *cf. U.S. v. Security Indus. Bank*, 459 U.S. 70, 78–80, 103 S.Ct. 407, 412–13, 74 L.Ed.2d 235 (1982).

Plaintiff further argues that a deduction of $25,394.15 is unreasonable as a fee for only six months handling of this account. It argues that the text of Local Rule 8(c) does not require the full fee to be deducted and states such an amount bears no reasonable relationship to the services performed in the Clerk's office, since Manufacturers Hanover Trust Company, the depositor, performed the investment services.

In response the General Counsel does not dispute the plaintiff's description of the Clerk of the Court's task in making the

necessary arrangements with Manufacturers Hanover Trust Company for this transaction as neither a difficult nor a time-consuming task. The General Counsel does point out that the month-to-month rollover of one month certificates requires regular and on-going accounting, safekeeping and other fiduciary duties befitting a statutory trustee. The General Counsel also argues that (1) the selection of the Manufacturers Hanover Trust Company by the District Court as sole depository for these purposes constituted an important part of the service rendered, and (2) fiduciary regulations require the Clerk of the Court to adhere to detailed requirements for obtaining collateral for registry funds, including, for large deposits like this one, ascertaining that the depository has complied with the collateralization requirements for Treasury Circular 176. The General Counsel also points out that, under the Director's structure of the registry fund fee, the larger depositor gets more protection than the smaller depositor and pays accordingly.

The registry fund fee was established by the Director of the Administrative Office of the United States Courts ("the Director") pursuant to a direct mandate from Congress and from the Judicial Conference of the United States ("the Judicial Conference"), in exercise of its authority under 28 U.S.C. § 1914(b) to establish fees of the clerks of the district courts. 28 U.S.C. § 1914(b) (1982). *See Report of the Proceedings of the Judicial Conference of the United States*, September 14, 1988, at 64–65.[1] The Director's act in establishing the fee was an exercise of discretion. The Director's affidavit submitted herein demonstrates that an in-depth comparative analysis, careful consideration of the impact of possible fee structures and a concern for fairness to all depositors went into

the exercise of his authority. *See* Affidavit of L. Ralph Mecham, April 4, 1990, attached to the General Counsel's letter of April 16, 1990.

Thus the registry fund fee was established as a matter of law through the joint actions of the Judicial Conference and the Director and was not imposed by the adoption of Local Rule 8(c), adopted by the Board of Judges on June 24, 1990 and effective July 31, 1990. The July 31st Amendment to Local Rule 8 did not affect the nature or the timing of the registry fund fee. It was merely a directive to litigants to ensure the collection of the fee in accordance with instructions received from the Director. It neither suspended the fee in existing cases nor gave an option to collect less than the full fee.

Amtrak objects to the Director's determination in a conclusory fashion. It does not point to any error in analysis, let alone any abuse of lawful discretion, by the Director. Accordingly, there is not a basis for this Court to overrule the Director's exercise of his authority in setting the registry fund fee as an abuse of discretion. *U.S. v. Sperry Corp.,* —— U.S. ——, 110 S.Ct. 387, 107 L.Ed.2d 290 (1989).

■ Amtrak claims that since condemnation deposits are governed by Rule 71A (Condemnation of Property) of the Federal Rules of Civil Procedure rather than Rule 67 (Deposit in Court), the fee should not apply to these funds. The official announcement of the fee, however, indicated it applied not only to all funds deposited in non-criminal proceedings pursuant to Rule 67, but also pursuant to 28 U.S.C. § 2041 (Deposit of moneys in pending or adjudicated cases), under which all monies, including Amtrak's estimate of just compensation, are deposited into the Court regis-

---

1. The Judicial Conference assessed a charge of up to three percent for the handling of registry funds, to be assessed from interest earnings in accordance with a detailed fee schedule to be determined by the Director. The Director was authorized to assess charges at a rate lower than three percent if, in his discretion, he should decide that the higher charge was inappropriate. He was also authorized to exempt some registry items from any fees. *Report, supra,* at 64–65.

The Judicial Conference also made authorization of the registry fund fee contingent upon the passage of legislation to permit the judiciary to retain and use the proceeds. *Id.* That permission was included in the Judiciary Appropriations Act, 1989, Pub.L. No. 100–459, Tit. IV, 102 Stat. 2186, 2211, 28 U.S.C. § 2041 note (1988).

try. 54 Fed.Reg. 20,407 (1989). Condemnation deposits under Rule 71A are placed in the Court's registry, *U.S. v. 9.20 Acres of Land,* 638 F.2d 1123 (8th Cir.1981), and § 2041 applies to all deposits of money in any case. 28 U.S.C. § 2041 (1982). Because the funds in the present case were deposited pursuant to § 2041, they are subject to the registry fund fee.

 Finally, plaintiff's argument that Local Rule 8 is being applied retroactively and should not be so applied is ill-founded. The Director publicly announced the fee in the Federal Register on May 11, 1989 as applicable to new cases June 12, 1989 and for existing cases thirty days later, July 12, 1989. 54 Fed.Reg. 20,407 (1989). Obviously existing cases, such as this, were intended to be subject to the registry fee. The purpose of this extra time was to allow objecting parties an opportunity to seek Court permission to withdraw their funds and make alternate arrangements. Aff. of L. Ralph Mecham, ¶ 11. None of the parties here made any application to the Court within that time frame.

Amtrak claims it had no notice of the fee until it received copies of the Court's orders of August 30, 1989 and September 5, 1989. Nevertheless, it had constructive notice. The Director had authority to publish regulations in the Federal Register and published it in the Federal Register on May 11, 1989 pursuant to 28 U.S.C. § 604. 28 U.S.C. § 604 (1982). Publication of the fund fees which was established pursuant to a direct mandate of Congress appears to come within the purview of 44 U.S.C. § 1505(a). 44 U.S.C. § 1505(a) (1969). Such notice is deemed notice to a person subject to or affected by it. 44 U.S.C. § 1507 (1969). The notice was also published in the *New York Law Journal* on July 6, 1989. Thus, the parties are deemed to have had notice of the fee in time to take action to protect themselves. Instead they waited until September 1989, after the deposits had been held pursuant to the Rule for over 45 days, to initiate this motion. The parties agree it would be futile to apply to the Director for an exemption from this fee.

The motion is denied.

Counsel are to appear for a pretrial conference on Wednesday, October 17, 1990, at 9:00 a.m.

IT IS SO ORDERED.